# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

   **v.**              **Criminal Action No. 2:13cr27**

**TIMOTHY JUSTON WIMER,**
   **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Timothy Juston Wimer, in person and by counsel, Brian J. Kornbrath, appeared before me on September 19, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts One, Seven, Nine, and Thirteen of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

  The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the

Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Timothy Juston Wimer, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Counts One, Seven, Nine, and Thirteen of the Indictment and the elements the government would have to prove, charging him with possession with intent to distribute hydrocodone; possession with intent to distribute oxycodone; possession with intent to distribute methamphetamine; and possession with intent to distribute morphine. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Counts One, Seven, Nine, and Thirteen of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty was:

Count One: Imprisonment for a term of ten (10) years; a fine of $500,000.00; both fine and imprisonment; at least three (3) years of supervised release; and a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Count Seven: Imprisonment for a term of twenty (20) years; a fine of not more than $1,000,000.00; both fine and imprisonment; at least three (3) years of supervised release; and a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Count Nine: Imprisonment for a term of twenty (20) years; a fine of not more than $1,000,000.00; both fine and imprisonment; at least three (3) years of supervised release; and a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Count Thirteen: Imprisonment for a term of twenty (20) years; a fine of not more than $1,000,000.00; both fine and imprisonment; at least three (3) years of supervised release; and a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Defendant understood that the sentences may be imposed consecutively.

Defendant also understood that his sentence could be increased if he had prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release. He further understood and agreed to consent to the entry of orders of forfeiture for all property identified in the indictment.

The undersigned also reviewed with Defendant his waiver of appellate rights and the agreement that he will retain his appellate and collateral attack rights only with respect to the denial of his motion to suppress evidence as follows:

Ct: Did you and Mr. Kornbrath discuss, and do you understand from that discussion that you have a right to appeal your conviction and sentences to the Fourth Circuit Court of Appeals, providing you give notice of intent to appeal within 14 days of sentencing?

Def: Yes, sir.

Ct: Do you also understand that under 28 USC Section 2255, you have a right to collaterally attack or challenge your sentence by filing a writ of habeas corpus-type motion?

Def: Yes, sir.

Ct: Do you understand that you are waiving, under your agreement, paragraph 14 and 15, the right to appeal your sentence, your conviction, and the manner in which the sentence is determined if the actual sentence the judge imposes is the same as or equal to a guideline calculated sentence with a total offense level of 29 at a criminal history of 6 or lower?

Def: Yes.

Ct: You intended to give up those valuable direct and collateral appeal rights under those conditions, did you?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the

4

written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Counts One, Seven, Nine, and Thirteen of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Counts One, Seven, Nine, and Thirteen of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant stated he understood the parties had agreed and stipulated that he was a career offender with a base offense level of 32, but that the district judge was not bound by that stipulation, and he would not be able to withdraw his guilty plea even if the district judge disregarded the stipulation and sentenced him to a sentence higher than he expected.

Defendant further understood that if his counsel or anyone else had shown him the sentencing guidelines and told him what his sentence or range of sentence might or would be, that was no guarantee he would be sentenced within that range or to that particular sentence. Defendant stated that there had been no promise made to him regarding the sentence he would receive.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons. Finally, he understood that, even if the District Judge recommended he be admitted to the RDAP program, there is no guarantee the Bureau of Prisons will admit him to the program.

Thereupon, Defendant, Timothy Juston Wimer, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a plea of **GUILTY** to the felony charges in Counts One, Seven, Nine, and Thirteen of the Indictment.

The Court heard the testimony of Corporal Kessel, who is employed by the West Virginia State Police Bureau of Criminal Investigation. He recognized Defendant and was involved in parts

of the investigation regarding him. Regarding Count One, on January 24, 2012, Defendant filled a prescription for oxycodone. On January 29, 2012, a search warrant was executed at his residence. The prescription pill bottle was found empty in Defendant's bedroom. Defendant's live-in girlfriend stated to police that Defendant sold hydrocodone over the past three months to at least ten different people. The residence was in Hardy County, West Virginia.

Regarding Count Seven on February 7, 2013, a Grant County Deputy Sheriff, acting in an undercover capacity, exchanged text messages with Defendant seeking to purchase oxycodone. Later, during a traffic stop 96 oxycodone were found. The text messages are reflected in a cell phone which was also seized.

Regarding Count Nine, on June 18, 2013, Cpl. Kessel and other officers from different agencies executed a search warrant at Defendant's residence in Petersburg. Oxycodone, U.S. currency, and methamphetamine were found pursuant to the search. There were 37 individually-wrapped bags of meth.

Regarding Count 13, on June 22, 2013, Troopers attempted to execute an arrest warrant on Defendant. He was located at the Tech School in Grant County. A search of Defendant produced a cell phone and 224 suspected controlled substances (pills). 34 of those pills were morphine.

All of the controlled substances were sent for laboratory testing.

Defendant stated he heard, understood, and did not disagree with Cpl. Kessel's testimony. The undersigned United States Magistrate Judge concludes the offenses charged in Counts One, Seven, Nine, and Thirteen of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Cpl. Kessel.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Counts One, Seven, Nine, and Thirteen of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made knowing and voluntary pleas of guilty to Counts One, Seven, Nine, and Thirteen of the Indictment; and Defendant's plea is independently supported by the testimony of Cpl. Kessel, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's pleas of guilty to Counts One, Seven, Nine, and Thirteen of the Indictment and recommends he be adjudged guilty on said charges as contained in Counts One, Seven, Nine, and Thirteen of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: 20 September 2013.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE